UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| ANCELL HAMM, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-1429 (BAH) |
| | ) |
| BARACK H. OBAMA *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This civil action is brought *pro se* by a prisoner at the State Correctional Institution in LaBelle, Pennsylvania, who paid the $350 filing fee applicable to civil actions.[1] Under the Prison Litigation Reform Act of 1995, the Court is required to screen a prisoner's complaint against government officials "as soon as practicable after docketing" and to dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a)-(b)(1). In addition, dismissal of a complaint on such grounds is required "at any time" and [n]otwithstanding any filing fee . . . that may have been paid . . . ." 28 U.S.C. § 1915(e)(2). For the following reasons, the Court, having liberally read the instant complaint, finds the complaint to be frivolous. It therefore will dismiss the case and quash the summonses.

**BACKGROUND**

The Plaintiff is serving a life sentence for murdering two police officers in 1972. *Hamm v. Rendell*, Civ. Action No. 08-442, 2009 WL 8191941, at *1 (W.D. Pa. Oct. 8, 2009). In his

---

[1] On August 4, 2011, the Clerk, pursuant to Fed. R. Civ. P. 4(b), issued seven summonses to the Plaintiff, who is responsible for effecting service of process on each Defendant.

"Complaint for Violation of Civil Rights," the Plaintiff charges President Barack Obama, Secretary of State Hillary Clinton, and Pennsylvania Governor Tom Corbett "with a violation of the U.S. Constitution . . . Article VI, Paragraph (2) . . . known as the Supermacy [sic] Clause . . . called the linchpin of the U.S. Constitution." Compl. at 5. He also "charges [them] with a violation of Title 29, Section 206(a), 'The Fair Labor Standards Act of 1938 6(a)' . . . by . . . forcing him to work for Prison Wages . . . ." *Id*. at 8. In addition, the Plaintiff sues Chief United States District Judge Gary L. Lancaster and Magistrate Judge Cathy Bissoon, both of the United States District Court for the Western District of Pennsylvania, for "criminal conspiracy; in that they have . . . agreed together or seperately [sic] to subject the Plaintiff to Involuntary Servitude, i.e., Slavery." *Id*. at 10. Generally, the Plaintiff "charges the defendants with his being unlawfully incarcerated in the state concentration camp as being subjected to Involuntary Servitude, i.e., Slavery." *Id*. at 6. He seeks $10 million in compensatory damages "for his 40-years of unlawful involuntary servitude" and $100 million in punitive damages. *Id*. at 5. In addition, the Plaintiff seeks his removal "from further unlawful involuntary servitude" and a declaration that he "was never a duly convicted state prisoner pursuant to state law." *Id*.

## DISCUSSION

The fanciful claims against President Obama, Secretary Clinton, and Governor Corbett, none of whom participated in securing the Plaintiff's conviction and sentence, and the unsubstantiated conspiracy claim against the judicial defendants are all subject to dismissal as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994); *see also Hamm v. Rendell*, 376 Fed. Appx. 244 (3d Cir. 2010) (finding the Plaintiff's argument "that he has not been duly convicted of a crime . . . without merit.") In fact,

the Plaintiff's allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, ___ F. Supp.2d ___, 2011 WL 1460432, at *1 (D.D.C. Apr. 18, 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (quoting *Tooley*, 586 F.3d at 1009).[2] Accordingly, the complaint will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

                                                /s/   Beryl A. Howell
                                            United States District Judge

DATE: August 31, 2011

---

[2] Essentially, the Plaintiff is challenging his conviction and life sentence on the ground that the Commonwealth of Pennsylvania lacked jurisdiction to prosecute him. *See* Compl. at 6-7. Because success on this claim would necessarily invalidate the conviction, the Plaintiff cannot recover monetary damages without first showing that he has invalidated the conviction by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see Hamm v. Rendell*, Civ. Action No. 08-442, 2009 WL 3536631, at *2 (W.D. Pa. Oct. 30, 2009) (finding same). The Plaintiff cannot make such a showing. *See Hamm*, 376 Fed. Appx. 244 (noting in 2010 that the Plaintiff's "life sentences for two counts of first-degree murder were reimposed on remand and affirmed by the Pennsylvania Supreme Court.") (citing *Commonwealth v. Hamm*, 493 Pa. 223, 425 A.2d 744 (1981)).